BACHELDER *versus* SANBORN *&* al.

The discharge certificate, given by two justices of the peace and of the quorum, to a poor debtor, of his having taken the poor debtor's oath, furnishes *prima facie evidence* that the justices were duly selected and qualified to act in granting the certificate.

When a poor debtor, in his disclosure, shows that he holds unsettled accounts, it is his duty to cause his interest in them to be appraised.

ON FACTS AGREED.

DEBT upon a poor debtor's relief bond.

The defendants offered a discharge of the debtor, issued in due form of law by two justices of the peace and quorum, upon the taking by him of the poor debtor's oath. The plaintiff objected to its introduction, until the record of the organization of the justice's court should be produced, showing that they had been rightfully selected. The objection was overruled and the certificate admitted, as containing within itself *prima facie* evidence of a rightful constitution of the Court.

The plaintiff read the debtor's disclosure. It showed, among other things, that at the time of disclosing, he had an account

Bachelder *v.* Sanborn.

against one Marston, and that Marston had one against him, and that they were about even; also that he had $1,60 in money, which he showed to the justices.

The parties then agreed to submit the whole case to the Court.

The opinion of the Court, SHEPLEY, C. J. TENNEY, HOW-ARD, RICE and APPLETON, J. J., was drawn up by

RICE, J. — It has been adjudged by this Court, that the certificate of two justices of the peace and quorum, when in due form, is *prima facie* evidence, that the provisions of the statute have been complied with, and, unless invalidated, such certificate constitutes a bar to an action upon the bond. A certificate, regular in form, having been produced by the defendant in this case, the burden of proof to show want of jurisdiction in the magistrates, or irregularity in the proceedings was upon the plaintiff.

When the debtor discloses real estate, if the creditor desires to avail himself of his rights under § 33, chap. 148, R. S., he should apply to the magistrates for the certificate provided for in said section.

By the disclosure of the defendant, a certified copy of which was introduced by the plaintiff, it appeared, that he had an unsettled account with one Marston which was "about even." It is the duty of the debtor, when he discloses unsettled accounts, to cause his interest therein to be appraised, unless he will swear that such accounts are of no value.

The defendant also disclosed that he had in his possession one dollar and sixty cents in money, which he exhibited to the Court. It was his duty to surrender the money disclosed for the benefit of the creditor. By neglecting to do so, as well as by neglecting to have the Marston account appraised, he failed to discharge himself from his bond. A default must therefore be entered, and damages assessed according to the provisions of chap. 85 of statute 1848. The damage we ad-

judge to be one dollar and sixty one cents, and one quarter of that sum additional for costs.

*Kempton*, for the plaintiff.

*Vose*, for the defendant.